IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,116-01






EX PARTE Carl Dean King, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NUMBER 20,089 IN THE 196TH JUDICIAL DISTRICT COURT 

HUNT COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault, and punishment was assessed at life. Applicant's
conviction was affirmed on appeal. King v. State, No. 06-01-00147-CR (Tex. App. --
Texarkana, delivered October 17, 2002, no pet.).

 In his present application, Applicant contends that he was denied the right to petition
this court for Discretionary Review because appellate counsel failed to inform him of the fact
that he could pursue a pro se petition for discretionary review, and that he did not receive a
complete copy of the Court of Appeal's opinion.

 On a prior remand, the trial court obtained an affidavit from appellate counsel. 
Counsel's affidavit indicates that he can not locate copies of the correspondence informing
Applicant of his right to file a pro se PDR. Nevertheless, counsel asserts that even if he had
sent such correspondence to Applicant, Applicant would not have received it because
Applicant failed to keep counsel apprised of his current address. The trial court forwarded
counsel's affidavit to this Court, but did not enter findings of fact or conclusions of law. We
believe that Applicant has alleged facts that, wif true, might entitle him to relief. Therefore,
it is this Court's opinion that additional facts need to be developed and because this Court
cannot hear evidence, the trial court is the appropriate forum. The trial court may resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order
another affidavit, depositions, or interrogatories from counsel, or it may order a hearing. In
the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court should make findings of
fact as to whether it was Applicant's failure to notify counsel of his change of address that
led to the loss of his opportunity to file a pro se PDR. The trial court should also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 45 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
60 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3RD DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.